## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SYNERGY BANK** | **CIVIL ACTION** |
| **VERSUS** | **No. 20-1066** |
| **CAPT. T.W. BOUDREAUX M/V** | **SECTION I** |

## <u>ORDER & REASONS</u>

Before the Court is plaintiff Synergy Bank's ("Synergy") motion[1] for a default judgment against defendant M/V Capt. T.W. Boudreaux (the "T.W. Boudreaux"). Synergy requests that the Court enter a judgment in its favor and against the T.W. Boudreaux in the amount of $1,294,378.71.[2] Synergy also requests interest at the rate of $154.51 per day from August 28, 2014 until the judgment is paid in full, as well as expenses incurred in connection with bringing this action in the amount of $31,275.21.[3] Synergy instituted this in rem action on March 31, 2020 to enforce its preferred mortgage lien on the T.W. Boudreaux pursuant to 46 U.S.C. §§ 31325 *et seq*.[4] For the following reasons, the motion is granted in part and denied in part.

### I.

On August 28, 2014, GPS Marine, LLC ("GPS"), the owner of the T.W. Boudreaux, entered into a promissory note in the principal amount of $1,294,378.71,

---

[1] R. Doc. No. 25.
[2] *Id*. at 2.
[3] *Id*; R. Doc. No. 26, at 2. Synergy no longer seeks attorneys' fees. *See* R. Doc. No. 26, at 1.
[4] R. Doc. No. 1, at 3 ¶ VI.

payable to the order of Synergy.[5]  The promissory note bears interest at the rate of 6.250% per annum and is payable in forty-seven monthly consecutive principal and interest payments of $17,226.51, beginning on September 28, 2014, with one irregular final payment of $745,844.00.[6]

In connection with the promissory note and in order to secure payment under the terms of the loan agreement, Synergy secured a preferred ship mortgage (the "mortgage") on the T.W. Boudreaux, dated December 12, 2013.[7] By the terms and provisions of the mortgage, GPS admitted that it was justly indebted to Synergy in the amount of $1,100,000.00 in principal, with interest for money loaned, granted, bargained, sold, and mortgaged to Synergy, its successors, administrators and assigns, the whole of the T.W. Boudreaux, together with her engines, tackle, apparel, etc.[8]  The mortgage also provides that, in the event that Synergy must foreclose on the T.W. Boudreaux to recover the amount owed to it by GPS under the promissory note, GPS will be liable to Synergy for "the full amount of the indebtedness in principal, interest, costs, expenses, reasonable attorneys' fees and other fees and charges."[9]

The mortgage was duly recorded with the Officer in Charge, Marine Inspection, at the National Vessel Documentation Center on December 16, 2013.[10]

---

[5] R. Doc. No. 1, at 2–3 ¶ V; *see* R. Doc. No. 1-3.
[6] R. Doc. No. 1, at 2–3 ¶ V; *see* R. Doc. No. 1-3.
[7] R. Doc. No. 1, at 3 ¶VI; *see* R. Doc. No. 1-4.
[8] R. Doc. No. 1, at 3 ¶ VII; *see* R. Doc. No. 1-4 at 1–2.
[9] R. Doc. No. 1-4, at 6–7.
[10] R. Doc. No. 1, at 4 ¶ VIII; *see* R. Doc. No. 1-4 at 1.

The mortgage was recorded pursuant to the provisions of 46 U.S.C. § 31321, and it has not been discharged.[11]

According to the complaint, as of March 30, 2020, there remained an unpaid balance by GPS on the promissory note in the amount of $1,054,764.15, together with interest from March 30, 2020 at the rate of $154.51 per day until paid.[12] The complaint also seeks "all expenses[,] costs, and attorney's fees as provided for in [the] promissory note and preferred maritime mortgage."[13] Synergy made a demand upon GPS for the remaining balance, to no avail.[14]

Synergy served GPS with the complaint via certified mail on April 27, 2020.[15] The United States Marshal arrested the T.W. Boudreaux on May 8, 2020, and a copy of the notice of service was sent to Lovencie Gambarella ("Gambarella"), an agent of GPS.[16] On May 13, 2020, the Court ordered that notice of the commencement of this case be published in *The Times-Picayune | New Orleans Advocate* once a week for

---

[11] R. Doc. No. 1, at 4 VIII.  Pursuant to § 31321, to be filed and valid, a mortgage must: "(1) identify the vessel; (2) state the name and address of each party to the instrument; (3) state, if a mortgage, the amount of the direct or contingent obligations (in one or more units of account as agreed to by the parties) that is or may become secured by the mortgage, excluding interest, expenses, and fees; (4) state the interest of the grantor, mortgagor, or assignor in the vessel; (5) state the interest sold, conveyed, mortgaged, or assigned; and (6) be signed and acknowledged." 46 U.S.C. § 31321(a), (b). The mortgage satisfies all of these requirements. *See* R. Doc. No. 1-4.
[12] R. Doc. No. 1, at 4 ¶ 10. As discussed, *infra*, this amount is less than the amount requested in Synergy's motion for default judgment. *Compare id.*, *with* R. Doc. No. 25, at 2.
[13] R. Doc. No. 1, at 4 ¶ 10.
[14] *Id.*
[15] R. Doc. No. 26-1, at 1, 3.
[16] R. Doc. No. 14.

two successive weeks.[17]   On June 10, 2020, the Court granted Danny Neal, Dexter Neal, Paul Champagne, and Michael Rutledge's motion for leave to intervene (the "seamen"), and the seamen's verified complaint, asserting claims against the T.W. Boudreaux and GPS, was filed into the record.[18] Gambarella waived service on behalf of GPS with respect to the seamen's complaint on June 18, 2020.[19]   Synergy also moved for entry of default on June 18, 2020,[20] and it served GPS with notice of the request for entry of default the same day via certified mail.[21]

In addition to entering a default judgment against the T.W. Boudreaux, Synergy requests that the Court declare the mortgage a valid and existing lien upon the T.W. Boudreaux, her engines, tackle, apparel, furniture, equipment, and all other necessaries, as set forth in the mortgage, subject to the priority status of the seaman wage claims set forth in the seamen's complaint.[22] Synergy further requests that the Court order the T.W. Boudreaux, her engines, tackle, apparel, furniture, equipment, and all other necessaries to be sold by the United States Marshal for the Eastern District of Louisiana to the highest bidder, free and clear of all liens and preexisting claims on the T.W. Boudreaux.[23]

---

[17] R. Doc. No. 13.
[18] R. Doc. Nos. 19 & 20.
[19] R. Doc. No. 24.
[20] R. Doc. No. 22.
[21] R. Doc. No. 26-1, at 2, 4.
[22] R. Doc. No. 25, at 2–3.
[23] *Id.* at 2.

## II.

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party when that party fails to plead or otherwise respond to the plaintiff's complaint within the required time period.  Fed. R. Civ. P. 55(b).  A plaintiff who seeks a default judgment against an unresponsive defendant must proceed with a two-step process.

First, the plaintiff must petition the clerk for an entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Trahan v. PLC Fin., Inc.*, No. 18-859, 2018 WL 10758657, at *1 (E.D. La. Mar. 29, 2018) (Barbier, J.) (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986)) (internal quotation marks omitted).  Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Beyond that requirement, the entry of default is largely mechanical.

After the clerk  has entered default, the plaintiff may move for a default judgment under Federal Rule of Civil Procedure 55(b). *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014). At this point, "the court must accept the well-pleaded factual allegations in the plaintiff's complaint." *Id.* (citing *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("In that context, the court deems the plaintiff's well-pleaded factual allegations admitted.")).  At the same time, the court does not hold the defaulting defendant "to [have] admitt[ed] facts that are not well-pleaded or to [have] admitt[ed] conclusions of law." *Wooten v. McDonald*

*Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (internal quotation marks and citation omitted). The default judgment should not be entered unless the judgment is "'supported by well-pleaded allegations' and . . . ha[s] 'a sufficient basis in the pleadings.'" *Id.* at 498 (quoting *Nishimatsu*, 515 F.2d at 1206).

If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).[24]  No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Generally, the entry of default judgment is committed to the discretion of the district judge." *Ameser v. Nordstrom, Inc.*, 442 F. App'x 967, 969 (5th Cir. 2011) (internal quotation marks and citation omitted).

A court is entitled to consider several factors when determining whether to enter a default judgment, including, "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would

---

[24] As discussed, *infra*, Synergy requests damages for a sum certain and, therefore, it could have requested that the Clerk of Court, rather than the Court, enter a default judgment against the T.W. Boudreaux. *See* Fed. R. Civ. P. 55(b)(1). Because the Clerk of Court can only enter a default judgment for a sum certain "on the plaintiff's request," and Synergy failed to make such a request, the Court, rather than the Clerk of Court, will enter the default judgment. *See id*.

think itself obliged to set aside the default on the defendant's motion." *Lindsey v.
Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

## III.

Synergy served GPS with the complaint via certified mail on April 27, 2020.[25]
The T.W. Boudreaux was arrested on May 8, 2020, and a copy of the notice of service
was sent to Gambarella, as agent for GPS.[26] As of this date, the T.W. Boudreaux has
yet to file responsive pleadings or appear in this case. Synergy also served GPS with
notice of the request for entry of default on June 18, 2020 via certified mail.[27] On
June 19, 2020, the Clerk of Court issued an entry of default against GPS for failure
to plead or otherwise defend itself.[28] On July 6, 2020, Synergy moved for a default
judgment;[29] to date, the T.W. Boudreaux has not filed a response.

The Court must therefore determine whether, accepting the well-pleaded
factual allegations in the complaint as true, Synergy is entitled to a judgment against
the T.W. Boudreaux for $1,294,378.71, interest at the rate of $154.51 per day from
August 28, 2014 until the judgment is paid in full, and other costs in the amount of
$31,275.21, as requested in Synergy's motion for a default judgment.

---

[25] R. Doc. No. 26-1, at 1, 3.
[26] R. Doc. No. 14.
[27] R. Doc. No. 26-1, at 2, 4.
[28] R. Doc. No. 23.
[29] R. Doc. No. 25.

## A.

Pursuant to 46 U.S.C. § 31325, Synergy's mortgage on the T.W. Boudreaux is a "preferred mortgage,"[30] and Synergy, as the mortgagee, may "enforce the preferred mortgage lien in a civil action in rem for a documented vessel[.]" 46 U.S.C. § 31325(b)(1). Synergy attached the promissory note and mortgage to its complaint and submitted two affidavits establishing that GPS defaulted on the promissory note and that Synergy incurred costs as a result of bringing this action, which include substitute custodian fees and insurance covering the T.W. Boudreaux while in possession of the substitute custodian.[31] These costs are recoverable pursuant to the terms of the mortgage, as the mortgage expressly provides for the recovery of "costs, expenses, . . . and other fees and charges" incurred by Synergy in the event that it forecloses on the mortgage.[32]

The Court finds that a judgment with respect to Synergy's action to enforce its mortgage on the T.W. Boudreaux is supported by the well-pleaded allegations of the complaint and has a sufficient basis in the pleadings. *See Wooten*, 788 F.3d at 498. Accordingly, the Court will enter a default judgment in favor of Synergy and against the T.W. Boudreaux.

---

[30] Synergy's mortgage on the T.W. Boudreaux is a preferred mortgage because it "includes the whole of the vessel," was filed in substantial compliance with 46 U.S.C. § 31321, as previously discussed, and covers the T.W. Boudreaux, a "documented vessel." 46 U.S.C. § 31322(a); *see* R. Doc. No. 1-4; R. Doc. No. 1, at 1.
[31] R. Doc. Nos. 1-3, 1-4, 25-2, 26-1.
[32] R. Doc. No. 1-4, at 6–7.

**B.**

The Court must now "fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly." *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, 16-14311, 2017 WL 3991076, at *5 (E.D. La. Sept. 11, 2017) (Vance, J.) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). "In ruling on such a motion [for a default judgment], the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Brighton Painting Co.*, 267 F.R.D. 426, 428 (D.D.C. 2010)). With respect to damages, the Court cannot enter a default judgment without a hearing "unless the amount is liquidated or easily computable." *Richardson v. Salvation Army S. Territory, USA*, No. 98-10151, 1998 WL 723820, at *1 (5th Cir. 1998); *see Duncan v. Tangipahoa Parish Council*, No. 08-3840, 2009 WL 2514150, at *1 (E.D. La. Aug. 12, 2009) (Engelhardt, J.) (explaining that "[a] sum is certain when the amount claimed is a liquidated one or is one that is capable of mathematical calculation as, for example, an action on a promissory note").

As previously discussed, in support of its motion, Synergy submitted two affidavits that establish the principal amount owed to Synergy by GPS, the interest owed on this principal amount per day, and the costs incurred in connection with bringing this action.[33] The affidavit of Synergy's president states that the balance owed to Synergy by GPS and secured by the mortgage on the T.W. Boudreaux is $1,294,378.71 with interest from August 28, 2014 until paid at the rate of $154.51

---

[33] *See* R. Doc. Nos. 25-2 & 26-1.

per day.[34]  In contrast, the complaint states that GPS is in default on the promissory note in the amount $1,054,764.15 with interest from March 30, 2020 until paid at the rate of $154.51 per day.[35]  The Court must determine, therefore, whether a default judgment can be entered against the T.W. Boudreaux in excess of the amount pled in Synergy's complaint.

The answer is no. The Court must deem only the well-pleaded factual allegations in Synergy's complaint as admitted, and it may not enter a judgment against the T.W. Boudreaux unless the judgment has a sufficient basis in the pleadings. *Meyer*, 559 F. App'x at 313; *Wooten*, 788 F.3d at 498.  Furthermore, GPS, as the owner of the T.W. Boudreaux, was only given notice of the amount demanded in the complaint. Synergy is not entitled to a judgment in its favor for an amount greater than that alleged in its complaint. Accordingly, because the complaint alleges that GPS owes to Synergy an outstanding balance of $1,054,764.15 with interest from March 30, 2020 until paid on the promissory note, the Court will enter judgment against the T.W. Boudreaux for this lesser amount.

Turning next to the amount of interest owed per day, the Court will order that interest be calculated as stated in the promissory note, rather than at the rate of $154.51 per day as alleged in the complaint and stated in the supporting affidavit.[36] The promissory note states that interest shall be "computed on a 365/360 basis" by

---

[34] R. Doc. No. 25-2, at 1.

[35] R. Doc. No. 1, at 4 ¶ X.

[36] *See* R. Doc. No. 1, at 4 ¶ X; R. Doc. No. 25-2, at 1. Neither the complaint nor the affidavit provide a calculation or any reasoning as to how Synergy arrived at this rate of interest per day based on the terms of the promissory note.

applying the ratio of the interest rate, 6.250% per annum, over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.[37]

Finally, expenses incurred by Synergy in connection with this action are established by the affidavit of plaintiff's counsel.[38]  These costs include substitute custodian expense and insurance on the T.W. Boudreaux while in the substitute custodian's possession.[39]

The Court concludes that the amount demanded in the complaint is a sum certain and that the evidence submitted by Synergy reflects the balance owed to it by GPS, which is secured by the mortgage on the T.W. Boudreaux.  Synergy has provided sufficient evidence to support its claim for the principal amount of $1,054,764.15 with interest at the rate set forth in the promissory note accruing from March 30, 2020 until paid and other expenses incurred in the amount of $31,275.21, without the need for an evidentiary hearing.

The Court will also order the United States Marshal for the Eastern District of Louisiana to sell the T.W. Boudreaux, her engines, tackle, apparel, furniture, equipment, and all other necessaries to the highest bidder, free and clear of all liens and preexisting claims on the T.W. Boudreaux. *See* 46 U.S.C. § 31326(a) ("When a vessel is sold by order of a district court in a civil action in rem brought to enforce a

---

[37] R. Doc. No. 1-3, at 1.
[38] R. Doc. No. 26-1, at 2 ¶ 7.
[39] *Id.*

preferred mortgage lien . . .  any claim in the vessel existing on the date of sale is terminated . . . and the vessel is sold free of all those claims.").

The Court will also declare that the mortgage is a valid and existing lien upon the T.W. Boudreaux, her engines, tackle, apparel, furniture, equipment, and all other necessaries as set forth in the mortgage, subject only to the priority status of the seaman wage claims.  Under 46 U.S.C. § 31326, a preferred mortgage has priority over all claims against the vessel except for, among other types of claims, preferred maritime liens. 46 U.S.C. § 31326(b)(1). Because the seaman wage claims asserted in the seamen's complaint are preferred maritime lines, they have priority status over Synergy's mortgage.  *See* 46 U.S.C. § 31301(5) (defining "preferred maritime lien," in pertinent part, as "a maritime lien on a vessel . . . for wages of the crew of the vessel").

### IV.

After considering Synergy's complaint, motion, and accompanying exhibits, as well as the applicable law, the Court finds that there are no factors that weigh against entering a default judgment against the T.W. Boudreaux.  Accordingly,

**IT IS ORDERED** that Synergy's motion for a default judgment is **GRANTED IN PART** and **DENIED IN PART.**  The motion is denied to the extent that it seeks a judgment in a greater amount than that alleged in the complaint.

**IT IS FURTHER ORDERED** that judgment shall be entered in favor of Synergy and against the T.W. Boudreaux in the principal amount of $1,054,764.15 (the "principal amount").

**IT IS FURTHER ORDERED** that Synergy shall be awarded interest on the principal amount from March 30, 2020 until paid.  Interest shall be computed on a 365/360 basis by applying the ratio of the interest rate, 6.250% per annum, over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.

**IT IS FURTHER ORDERED** that judgment shall be entered in favor of Synergy and against the T.W. Boudreaux in the amount of $31,275.21 for expenses incurred in connection with bringing the above-captioned matter.

**IT IS FURTHER ORDERED** that Synergy's mortgage is a valid and existing lien upon the T.W. Boudreaux, her engines, tackle, apparel, furniture, equipment, and all other necessaries as set forth in the mortgage, subject only to the priority status of the seaman wage claims asserted against the T.W. Boudreaux by Danny Neal, Dexter Neal, Paul Champagne, and Michael Rutledge.

**IT IS FURTHER ORDERED** that the United States Marshal for the Eastern District of Louisiana shall sell the T.W. Boudreaux, her engines, tackle, apparel, furniture, equipment, and all other necessaries to the highest bidder, free and clear of all liens and preexisting claims on the T.W. Boudreaux.

New Orleans, Louisiana, August 14, 2020.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**